HEGONG WANG, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 13–70089.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 2, 2014.

Maria Christina Flores, Law Office of
Maria Flores, San Gabriel, CA, for Peti-
tioner.

Sharon Michele Clay, Esquire, Trial, Oil,
U.S. Department of Justice, Washington,
DC, Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: LEAVY, FISHER, and N.R.
SMITH, Circuit Judges.

## MEMORANDUM **

Hegong Wang, a native and citizen of
China, petitions for review of the Board of
Immigration Appeals' order dismissing his
appeal from the immigration judge's ("IJ")
decision denying his application for asy-
lum, withholding of removal, and protec-
tion under the Convention Against Torture
("CAT"). We have jurisdiction under 8
U.S.C. § 1252. We review for substantial
evidence the agency's factual findings, ap-
plying the standards governing adverse
credibility determinations created by the
REAL ID Act. *Shrestha v. Holder*, 590
F.3d 1034, 1039–40 (9th Cir.2010). We

review de novo claims of due process viola-
tions. *Simeonov v. Ashcroft*, 371 F.3d 532,
535 (9th Cir.2004). We deny the petition
for review.

Substantial evidence supports the agen-
cy's adverse credibility determination
based on Wang's testimony regarding the
location of his church in the United States,
and the IJ's negative demeanor finding.
*Shrestha*, 590 F.3d at 1048; *see also
Singh–Kaur v. INS*, 183 F.3d 1147, 1151
(9th Cir.1999) ("We give 'special deference'
to a credibility determination that is based
on demeanor."). Substantial evidence also
supports the agency's determination that
Wang's witness and documentary evidence
failed to sufficiently rehabilitate his testi-
mony or independently establish his claim
for relief, *see Garcia v. Holder*, 749 F.3d
785, 791 (9th Cir.2014). In the absence of
credible testimony, Wang's asylum and
withholding of removal claims fail. *See
Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th
Cir.2003).

Wang's CAT claim fails because it is
based on the same testimony the agency
found not credible, and Wang does not
point to any other evidence in the record
that compels the conclusion that it is more
likely than not he would be tortured by or
with the acquiescence of a public official in
China. *See id.*, 348 F.3d at 1156–57.

Finally, we reject Wang's claim that the
IJ pre-judged his case or was predisposed
to discredit his testimony. *See Lata v.
INS*, 204 F.3d 1241, 1246 (9th Cir.2000)
(requiring error to prevail on a due pro-
cess claim).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.